NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

HOON KOO, *Plaintiff/Appellant*,

*v.*

CITY OF SCOTTSDALE, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0316
FILED 2-29-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022-011214
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

---

COUNSEL

Timothy A. La Sota, PLC, Phoenix
By Timothy A. La Sota
*Counsel for Plaintiff/Appellant*

Scottsdale City Attorney's Office, Scottsdale
By Eric C. Anderson
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

P E R K I N S, Judge:

¶1             Hoon Koo appeals from the superior court's order dismissing his complaint for special action relief. Koo's complaint challenged the City of Scottsdale Board of Adjustment's ("Board") decision to deny his request for two variances to his property. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             Koo owns two adjacent parcels totaling 15,700 square feet in Scottsdale zoned R1-35 on which he intends to build a house. A property owner may build a house on property zoned R1-35 if that property is at least 35,000 square feet. Scottsdale Rev. Code, App'x B, § 4.200.

¶3             The parties do not dispute the relevant history of Koo's property, which began as a portion of a two-acre parcel. The Arizona Department of Transportation ("ADOT") condemned the parcel for freeway installation. After construction, ADOT sold a 30,000 square foot remnant of the original parcel to a private entity. Scottsdale recognizes the undersized remnant was a "legal establishment of [a] non-conforming parcel." But without following Scottsdale's procedures for the subdivision of property, the private entity then subdivided the land into five parcels through fee title deeds recorded with Maricopa County.

¶4             A prior owner of Koo's property sought a variance to make the site developable in 2012, which the Board denied. Koo then purchased the property in 2016 for $20,000.

¶5             Koo applied to the Scottsdale City Council in 2021 to rezone the property to R1-10 so he could build a house. But the City Council denied his application. Koo, too, sought a variance from the property's lot area requirement. If the Board granted the area variance, Koo also sought a variance from Scottsdale's rear setback requirement.

¶6             The Board heard testimony from Koo and Scottsdale and considered comments from members of the neighborhood before denying

the variance request by a vote of five to one. Koo appealed for special action relief to the superior court. The superior court found the Board's decision was not arbitrary and capricious or an abuse of discretion and affirmed the Board's decision to deny Koo's variance requests. Koo timely appealed to this Court, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**     We must determine whether the superior court erred when it sustained the Board's decision. *See Ivancovich v. City of Tucson Bd. of Adjustment*, 22 Ariz. App. 530, 535 (1974). "In a special action to review a municipal board of adjustment decision, the [superior] court's primary purpose is to determine whether the board's decision was arbitrary and capricious or an abuse of discretion." *Murphy v. Town of Chino Valley*, 163 Ariz. 571, 574 (App. 1989). We are "bound by the same standard of review as the superior court," *id.*, and we presume the validity of the Board's decision unless it is "contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion," A.R.S. § 12-910(F); *Pawn 1st, LLC v. City of Phoenix*, 242 Ariz. 547, 551, ¶ 9 (2017).

**¶8**     Under its Code, Scottsdale may grant a request for a variance from zoning restrictions only if all of the following criteria are met: (1) special circumstances, such as size, "deprive [the subject] property of privileges enjoyed by other property of the same classification in the same zoning district"; (2) the variance is "necessary for the preservation of privileges and rights enjoyed by other property of the same classification in the same zoning district"; (3)  the special circumstances were not "self-imposed or created by the property owner"; *and* (4) the variance will not be "materially detrimental to . . . the neighborhood or to the public welfare." Scottsdale Rev. Code, App'x B, § 1.804. The Board did not rule explicitly on each criterion, but multiple Board members expressed their belief that any special circumstances applicable to the property were self-imposed.

**¶9**     At the outset, we agree with the Board and the superior court that Koo's property resulted from an unrecognized, illegal subdivision by a prior owner of the property. *See* Scottsdale Rev. Code, § 48 (1972) (subdivision of real property in Scottsdale must be submitted to the city for approval). And throughout the proceedings, Scottsdale noted that it would have allowed a house to be built on the 30,000 square foot remnant parcel as a legal non-conforming use. Only after the prior owner illegally subdivided the remnant parcel did Scottsdale preclude construction of a house on the property.

¶10        Koo nonetheless argues the size of his property is a special circumstance that was not "self-imposed or created by the property owner." Instead, he insists the undersized nature of the parcel is the result of both the initial eminent domain action, which reduced the parcel to 30,000 square feet—5,000 square feet shy of the R1-35 zoning requirements—and the subsequent illegal subdivision by the prior owner. Koo also asserts the zoning ordinance's prohibition against self-imposition refers to "nobody but [the current property owner]" rather than a prior owner.

¶11        "[L]ocal ordinances require [the Board] to consider special circumstances applicable to the property, not the property owner." *Pawn 1st*, 242 Ariz. at 555, ¶ 31. Circumstances are not self-imposed when they "arise from applying the zoning ordinance to circumstances or conditions beyond the owners' control." *Id.* at 554, ¶ 29. "An owner's selection of a property, even with knowledge that a variance is required for an intended use allowed on other similarly zoned properties, does not itself constitute a self-imposed special circumstance precluding a variance." *Id.* at 555, ¶ 32 (cleaned up). And special circumstances resulting from eminent domain actions are not self-imposed. *Id.* at 555, ¶ 31. But "a purchaser of property acquires no greater right to a variance than his predecessor." *Id.* at 554–55, ¶¶ 29, 32.

¶12        Any special circumstances applicable to Koo's property are not the result of eminent domain. Although the remnant parcel resulting from ADOT's eminent domain action did not meet the minimum lot area requirement, the Board received and credited testimony from Scottsdale that the remnant parcel would have been treated as a legal non-conforming use, absent the illegal subdivision of the parcel. It was not an abuse of discretion for the board to credit that testimony, and it is not our role to reweigh the evidence. *See Murphy*, 163 Ariz. at 576 ("[I]n reviewing a board's decision it is not the prerogative of this court . . . to weigh the evidence."). So ADOT's eminent domain action is irrelevant to whether the special circumstances were self-imposed.

¶13        Koo's property does not meet Scottsdale's zoning requirements because the prior owner illegally subdivided the remnant parcel, which was an action within the exclusive control of the property owner. *See Pawn 1st*, 242 Ariz. at 555, ¶ 32. And Koo's argument that the subdivision ordinance refers to only the current property owner is unavailing because Koo "acquires no greater right to a variance" than the prior owner. *Id.* Because the prior owner self-imposed the special circumstances on the property, and would therefore not have a right to a variance, Koo does not have a right to a variance. Scottsdale Rev. Code,

App'x B, § 1.804; *see Pawn 1st*, at 555, ¶¶ 31–32; 83 Am. Jur. 2d *Zoning and Planning* § 762 (2024) (It is not an abuse of discretion to deny a zoning variance when "the board has considered the fact that the practical difficulties and hardship complained of were not inherent in the property but resulted from subdivision of the property by the owners.").

¶14          The Board correctly determined that Koo's property does not qualify for a variance under Scottsdale's zoning ordinance. Scottsdale Rev. Code, App'x B, § 1.804.

¶15          Because the superior court did not err by affirming the Board's decision based on the prohibition against self-imposition, we do not address whether the variance was necessary for the preservation of privileges or if the variance would have been detrimental to the neighborhood. The Board's decision to deny Koo's variance requests was not contrary to law, arbitrary and capricious, or an abuse of discretion. A.R.S. § 12-910(F); *Pawn 1st*, 242 Ariz. at 551, ¶ 9.

**CONCLUSION**

¶16          We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA